IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA L. ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0311-CV-W-ODS |
| ) | |
| RICOH AMERICAS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff originally filed this suit in state court; thereafter, it was removed to federal court. The Petition filed in state court stands as her operative pleading, and consistent with terminology used in federal court the Court shall hereafter refer to it as her "Complaint".

The Complaint alleges Plaintiff has complied with the administrative requirements of both the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act ("MHRA"). E.g, Complaint, ¶¶ 12-14. The Complaint contains a single count; in that single count she alleges a claim for age discrimination with respect to (1) a reduction of pay and (2) her termination. Despite the prior paragraphs, Count I does not specify whether the age discrimination claim is asserted under federal law, state law, or both. However, in her response to Defendant's Motion for Summary Judgment Plaintiff focuses exclusively on the MHRA. In fact, she explicitly describes this as "an employment/age discrimination case which was filed by Plaintiff . . . against . . . her former employer, under the Missouri Human Rights Act RSMo. 213.010, *et seq.* ("MHRA")" and explicitly rejects application of the ADEA. Plaintiff's Suggestions in

Opposition at 1 & n.1. The Court will therefore interpret the Complaint as asserting claims under the MHRA and not under the ADEA.[1]

Defendant seeks summary judgment with respect to both claims. However, Plaintiff's Suggestions in Opposition present no argument regarding her reduction in pay claim. The Court therefore deems this claim abandoned and Defendant is granted summary judgment on this claim. <u>Cf</u>. <u>Satcher v. University of Ark. at Pine Bluff Bd. of Trustees</u>, 558 F.3d 731, 735 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument.").[2]

The Court's review of the Record reveals there are disputed issues of material fact that preclude entry of judgment as a matter of law with respect to Plaintiff's discriminatory termination claim. The Motion for Summary Judgment is denied to that extent.

IT IS SO ORDERED.

DATE: May 9, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] There is no concern about this Court's jurisdiction because the parties are citizens of different states, Defendant is not a citizen of Missouri, and more than $75,000 is in controversy.

[2] The Court also notes Plaintiff did not controvert the salient portions of Defendant's proposed uncontroverted facts as they relate to the alleged discriminatory pay reduction. Those facts demonstrate that in 2008 Defendant acquired IKON Office Solutions, and as part of the consolidation effort Defendant found it necessary to create a new salary structure for the entire company in order to make sure that IKON employees doing the same work as Defendant's employees were paid the same. Under the new structure, Plaintiff's salary was reduced. Plaintiff does not suggest a factual dispute exists on these points, nor does she suggest Defendant's creation of new salary structure was a pretext for age discrimination. As noted in the text, Plaintiff also makes no argument supporting her pay claim.